Vakhabov v. Garland

BIA
Christensen, IJ
A208 018 033

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 27th day of April, two thousand twenty-three.

PRESENT:
        JOSEPH F. BIANCO,
        STEVEN J. MENASHI,
        BETH ROBINSON,
            *Circuit Judges.*

_____

SHERZOD VAKHABOV,
      *Petitioner*,

      **v.**                     20-1950
                            NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
      *Respondent*.

_____

FOR PETITIONER:      Berdymurat Berdyev, Esq., Berdyev Law, P.C., Woodbridge, NJ.

FOR RESPONDENT:      Brian Boynton, Acting Assistant Attorney General; Matthew B.

George, Senior Litigation Counsel; Timothy Bo Stanton, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sherzod Vakhabov, a native of the former Soviet Union and citizen of Uzbekistan, seeks review of a May 27, 2020 order of the BIA, affirming a July 26, 2018 decision of an Immigration Judge ("IJ"), which denied asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sherzod Vakhabov*, No. A208 018 033 (B.I.A. May 27, 2020), *aff'g* No. A208 018 033 (Immig. Ct. N.Y. City July 26, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as the final agency determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008). The applicable standards of review are well established. "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C.

2

§ 1252(b)(4)(B). "Accordingly, we review the agency's decision for substantial evidence and must defer to the factfinder's findings based on such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. . . . By contrast, we review legal conclusions de novo." *Singh v. Garland*, 11 F.4th 106, 113 (2d Cir. 2021) (internal quotation marks omitted); *see also Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

An applicant for asylum and withholding of removal "must establish that race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for persecuting the applicant." 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); *Quituizaca v. Garland*, 52 F.4th 103, 105–06, 114 (2d Cir. 2022). "In order to establish persecution on account of political opinion . . . , an asylum applicant must show . . . , through direct or circumstantial evidence, that the persecutor's motive to persecute arises from the applicant's political belief." *Yueqing Zhang v. Gonzales*, 426 F.3d 540, 545 (2d Cir. 2005) (internal quotation marks and citation omitted). "[O]pposition to endemic corruption or extortion . . . [or] opposition to other government practices or

3

policies[] may have a political dimension when it transcends mere self-protection and represents a challenge to the legitimacy or authority of the ruling regime." *Id.* at 547–48.

The IJ did not err in concluding that Vakhabov failed to establish that a shop owner in Uzbekistan harmed him on account of his anti-corruption political opinion. Vakhabov testified that he had confiscated the shop owner's merchandise as part of an official investigation for the Ministry of Economics and that the shop owner threatened and harmed him in an effort to have the merchandise returned and as revenge for business losses. Vakhabov did not testify that he had expressed an anti-corruption belief or reported endemic corruption, or that the shop owner targeted him for such beliefs or actions. *See id.* at 547–48 ("[An] important question[] for determining the nature of the applicant's opposition [is] . . . whether the persecutor was attempting to suppress a challenge to the governing institution, as opposed to a challenge to isolated aberrational acts of greed or malfeasance."). Further, Vakhabov admitted that he had no evidence that the shop owner's uncle, a government official, was involved in targeting Vakhabov. And the IJ did

4

not clearly err in concluding that Vakhabov did not suffer adverse consequences in his government job for resisting his supervisor's instruction to give the shopkeeper preferential treatment. Because Vakhabov did not provide evidence from which to infer that the shop owner or a government official considered him to have opposed endemic corruption or government practices and targeted him on that account, the IJ did not err in finding that he failed to establish that he was or will be targeted on account of a political opinion and thus did not err in denying asylum and withholding of removal for failure to show a nexus to a protected ground. *See* 8 U.S.C. §§ 1158(b)(1)(B)(i), 1231(b)(3)(A); *Yueqing Zhang*, 426 F.3d at 545, 547–48.

The agency also did not err in denying CAT relief. Unlike asylum and withholding, CAT relief does not require a nexus to a protected ground. *See* 8 C.F.R. §§ 1208.16(c), 1208.17. To obtain CAT relief, an applicant must show that it is "more likely than not" that he will be tortured. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a). To show that torture is "more likely than not," an applicant "must establish that there is greater than a fifty percent chance . . . that he will be tortured upon return to his . . . country of origin."

5

*Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 n.20 (2d Cir. 2003).

In finding that Vakhabov had not established a likelihood of torture, the IJ reasonably noted that Vakhabov had not worked as an investigator since 2012, and the merchandise he confiscated in that position had since been returned to the shop owner. Although the shop owner had informed Vakhabov, who had moved to Russia in the interim, that he was watching him and would seek revenge (a threat Vakhabov's expert believes might be carried out), Vakhabov remained unharmed in Russia for two years and returned without incident to Uzbekistan three times for a total of more than two months. *Cf. Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999) (finding a fear of future harm weakened when similarly situated family members remain unharmed in petitioner's native country). Based on this evidence, the IJ was not compelled to conclude that it was more likely than not that Vakhabov would be tortured in Uzbekistan. *See* 8 C.F.R. §§ 1208.16(c)(2), 1208.18(a)(1); *see Mu-Xing Wang*, 320 F.3d at 144.

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

                         FOR THE COURT:
                         Catherine O'Hagan Wolfe,
                         Clerk of Court